# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| RAHN TAYLOR | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ST, LOUS COUNTY, | ) | |
| Serve:  St. Louis County Executive | ) | Case No.    4:24-cv-00034 |
|        41 S. Central, 9th Floor | ) | |
|        Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EVELYN HUDSON | ) | |
| in her individual capacity as a correctional | ) | |
| officer for the St. Louis County Justice | ) | |
| Services, | ) | |
| Serve | ) | |
| | ) | **Jury Trial Requested** |
| and | ) | |
| | ) | |
| JESSICA TIPPETT in her | ) | |
| individual capacity as a nurse for the | ) | |
| St. Louis County Justice Services | ) | |
| Serve: | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID DOOLEY, in his | ) | |
| individual capacity as a nurse for the | ) | |
| St. Louis County Justice Services, | ) | |
| Serve: | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMANDA HUNT, in her | ) | |
| individual capacity as a nurse for the | ) | |
| St. Louis County Justice Services, | ) | |
| Serve: | ) | |
| | ) | |

1

and                                          )
                                             )
JANET DUWE, in her                           )
individual capacity as a nurse for           )
the St. Louis County Justice Services,       )
Serve:                                       )
                                             )
and                                          )
                                             )
GERARD KEARNEY,                              )
in his individual capacity as a nurse        )
for St. Louis County Justice Services,       )
Serve:                                       )
                                             )
and                                          )
                                             )
JANE STEPHENS, in her                        )
individual capacity as a nurse for the       )
St. Louis County Justice Services,           )
Serve:                                       )
                                             )
and                                          )
                                             )
ASHLEY ROBERTSON TYLER, in her               )
individual capacity as a nurse for the       )
St. Louis County Justice Services,           )
Serve:                                       )
                                             )
and                                          )
                                             )
TIM O'BRIEN, in his                          )
Individual capacity                          )
as a correctional officer for the St. Louis  )
County Justice Services                      )
Serve:                                       )
                                             )
        Defendants.                          )

2

## COMPLAINT

Plaintiff, Rahn Taylor brings this suit for damages against Defendants St. Louis County, Evelyn Hudson (hereinafter, "Hudson"), Jessica Tippett (hereinafter, "Tippett"), David Dooley (hereinafter, "Dooley"), Amanda Hunt (hereinafter, "Hunt"), Janet Duwe (hereinafter, "Duwe"), Gerald Kearney (hereinafter, "Kearney"), Jane Stephens (hereinafter, "Stephens"), Ashley Robertson Tyler (hereinafter, "Robertson Tyler"), and Tim O'Brien (hereinafter, "O'Brien") and, states as follows:

## PLAINTIFF

1.      Plaintiff Rahn Taylor is a resident of the State of Missouri and is the natural father of Cedric Dunn, deceased and brings this matter on behalf all beneficiaries pursuant to §537.080 *et. seq.*

2.      Plaintiff brings this Constitutional tort action pursuant to 42 U.S.C §1983 for damages related to the death Cedric A. Dunn.

3.      Decedent Cedric Dunn died on June 13, 2016 as a direct result of the actions and omissions of defendants, and each of them, in violation of the civil rights guaranteed to him by the United States Constitution and in violation of 42 U.S.C. §1983.

## DEFENDANTS AND GENERAL ALLEGATIONS:

4.      Defendant St. Louis County, Missouri (hereinafter "Defendant County") is a Missouri County.

      a.  Defendant County is and was responsible for funding the St. Louis County Jail, including medical care at the jail.

      b.  At all relevant times herein, Defendant County hired, trained and supervised medical staff, including nurses, to provide medical services at the St. Louis County Jail.

      c.  At all relevant times, Defendant County secured and had insurance coverage applicable to the tort claims asserted herein which did not preserve sovereign immunity.

5.     Defendant Hudson is and was at all relevant times hereinafter mentioned, an employee of the St. Louis County Justice Services with duties of performing correctional officer duties and responsibilities and

      a.  Defendant Hudson, at all relevant times, had received training and possessed knowledge of St. Louis County Justice Services' policies and procedures.

      b.  Defendant Hudson's failure to follow her training and the policies, violated Cedric Dunn's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

      c.  Defendant Hudson's conduct in this case was under the color of law.

      d.  Defendant Hudson is sued in her individual capacity.

      e.  Alternatively, Defendant Hudson acted with malice in failing to address Cedric Dunn's request for medical assistance required under the existing circumstances.

4

6. Defendant Tippett was at all relevant times hereinafter mentioned, an employee of St. Louis County, Missouri and a healthcare provider, engaging in the practice of medicine.

    a. At all relevant times herein mentioned Defendant Tippett was charged with the responsibility for providing medical care and treatment to Cedric Dunn, deceased, as hereinafter described at the St. Louis County Jail known as the Buzz Westfall Justice Center located at 100 South Central Avenue, Clayton, Missouri 63105. (hereinafter, "Facility").

    b. Defendant Tippett breached her duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Cedric Dunn.

    c. Alternatively, Defendant Dooley acted with malice in failing to provide the timely medical treatment Cedric Dunn required under the existing circumstances.

7. Defendant Dooley was at all relevant times hereinafter mentioned, an employee of St. Louis County, Missouri and a healthcare provider, engaging in the practice of medicine.

    a. At all relevant times herein mentioned Defendant Dooley was charged with the responsibility for providing medical care and treatment to Cedric Dunn, deceased, as hereinafter described at the Facility.

    b. Defendant Dooley breached her duty of care, acted with negligence

in failing to follow ministerial duties outlined in in medical treatment of Cedric Dunn, and the direct and proximate result of the negligence was the death of Cedric Dunn.

c. Alternatively, Defendant Dooley acted with malice in failing to provide the timely medical treatment Cedric Dunn required under the existing circumstances.

8. Defendant Hunt was at all relevant times hereinafter mentioned, an employee of St. Louis County, Missouri and a healthcare provider, engaging in the practice of medicine.

a. At all relevant times herein mentioned Defendant Hunt was charged with the responsibility for providing medical care and treatment to Cedric Dunn, deceased, as hereinafter described at the Facility.

b. Defendant Hunt breached her duty of care, acted with negligence in failing to follow ministerial duties outlined in in medical treatment of Cedric Dunn, and the direct and proximate result of the negligence was the death of Cedric Dunn.

c. Alternatively, Defendant Hunt acted with malice in failing to provide the timely medical treatment Cedric Dunn required under the existing circumstances.

9. Defendant Duwe was at all relevant times hereinafter mentioned, an employee of St. Louis County, Missouri and a healthcare provider, engaging in the practice of medicine.

a. At all relevant times herein mentioned Defendant Duwe was charged

6

with the responsibility for providing medical care and treatment to
Cedric Dunn, deceased, as hereinafter described at the Facility.

b. Defendant Duwe breached her duty of care, acted with negligence
in failing to follow ministerial duties outlined in in medical
treatment of Cedric Dunn, and the direct and proximate result of the
negligence was the death of Cedric Dunn.

c. Alternatively, Defendant Duwe acted with malice in failing to
provide the timely medical treatment Cedric Dunn required under
the existing circumstances.

10. Defendant Kearney was at all relevant times hereinafter mentioned, an
employee of St. Louis County, Missouri and a healthcare provider, engaging
in the practice of medicine.

a. At all relevant times herein mentioned Defendant Kearney was
charged with the responsibility for providing medical care and
treatment to Cedric Dunn, deceased, as hereinafter described at the
Facility.

b. Defendant Kearney breached her duty of care, acted with
negligence in failing to follow ministerial duties outlined in in
medical treatment of Cedric Dunn, and the direct and proximate
result of the negligence was the death of Cedric Dunn.

c. Alternatively, Defendant Kearney acted with malice in failing to
provide the timely medical treatment Cedric Dunn required under
the existing circumstances.

7

11. Defendant Stephens was at all relevant times hereinafter mentioned, an employee of St. Louis County, Missouri and a healthcare provider, engaging in the practice of medicine.

    a. At all relevant times herein mentioned Defendant Stephens was charged with the responsibility for providing medical care and treatment to Cedric Dunn, deceased, as hereinafter described at the Facility.

    b. Defendant Stephens breached her duty of care, acted with negligence in failing to follow ministerial duties outlined in in medical treatment of Cedric Dunn, and the direct and proximate result of the negligence was the death of Cedric Dunn.

    c. Alternatively, Defendant Stephens acted with malice in failing to provide the timely medical treatment Cedric Dunn required under the existing circumstances.

12. Defendant Robertson Tyler was at all relevant times hereinafter mentioned, an employee of St. Louis County, Missouri and a healthcare provider, engaging in the practice of medicine.

    a. At all relevant times herein mentioned Defendant Robertson Tyler was charged with the responsibility for providing medical care and treatment to Cedric Dunn, deceased, as hereinafter described at the Facility.

    b. Defendant Robertson Tyler breached her duty of care, acted with negligence in failing to follow ministerial duties outlined in in

medical treatment of Cedric Dunn, and the direct and proximate result of the negligence was the death of Cedric Dunn.

    c. Alternatively, Defendant Robertson Tyler acted with malice in failing to provide the timely medical treatment Cedric Dunn required under the existing circumstances.

12. Defendant O'Brien is and was at all relevant times hereinafter mentioned, an employee of the St. Louis County Justice Services with duties of performing correctional officer duties and responsibilities and

    a. Defendant O'Brien, at all relevant times, had received training and possessed knowledge of St. Louis County Justice Services' policies and procedures.

    b. Defendant O'Brien's failure to follow his training and the policies violated Cedric Dunn's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

    c. Defendant O'Brien's conduct in this case was under the color of law.

    d. Defendant O'Brien is sued in his individual capacity.

    e. Alternatively, Defendant O'Brien acted with malice in failing to address Cedric Dunn's request for medical assistance required under the existing circumstances.

13. Decedent Cedric Dunn was a citizen and resident of the United States of America residing in St. Louis County, Missouri.

14. Rahn Taylor is and was at all relevant times a citizen and resident of the United States of American and the father of decedent Cedric Dunn.

15. Defendant St. Louis County is a governmental subdivision of State of Missouri.

16.  At all times relevant, Defendant St. Louis County's employees were acting under the color of law with respect to the acts and acts of omission set forth herein.

17. Defendant St. Louis County operated, provided and maintained the Facility.

18. Defendant St. Louis County operated, provided, and maintained the Facility for the purpose, *inter alia,* of incarcerating pre-trial detainees as well as prisoners who had warrants issued against them and incarcerated therein.

19. Defendant St. Louis County provided the procedures and policies for the Facility and the training of the security officers and nurses at the Facility.

20. At all times mentioned herein, Defendant St. Louis County and its police force would incarcerate in the Facility persons who had been detained under suspicion of violating the law and those who had outstanding warrants awaiting disposition of trial, also known as pretrial detainees.

21. In June of 2016, decedent Cedric A. Dunn was arrested and transferred to defendant St. Louis County's Facility as a pre-trial detainee suspected of stealing.  He also had an outstanding warrant in Ferguson for failure to appear.

22. At the time of his incarceration to the Facility, decedent Cedric A. Dunn was a heroin addict and was showing signs of withdrawal.

23. Cedric Dunn underwent a medical screening by an employee or agent of defendant St. Louis County to evaluate his medical needs.  During this

10

screening, decedent Cedric Dunn told defendants that he was a heroin addict, with a history of seizures and that he had asthma.

24. Defendants, each of them, knew or should have known, of decedent Cedric Dunn's addiction to heroin, history of seizures, that he was asthmatic, and was responsible for his care.

25. Defendants failed to follow the ministerial procedures required for treating a person with heroin addiction, seizures, and asthma.

26. In deliberate indifference to decedent Cedric A. Dunn, Defendants failed to provide decedent Cedric A. Dunn with the reasonable care necessary to treat his addiction and asthma because of one or more of the following:

      (a) Inadequately trained medical staff;
      (b) Inadequately trained correctional officers;
      (b) failed to follow policies and procedures;
      (c) negligent management of correctional officers and/or medical staff; and/or
      (d) negligent supervision of correctional officers and/or medical staff; and/or
      (e) negligent hiring of correctional officers and/or medical staff.

27. At all relevant times, decedent Cedric Dunn was designated as inmate addicted to heroin within the St. Louis County Justice Center's system.

28. At all relevant times, decedent Cedric Dunn was designated as an inmate with seizures and asthma. and precautions should have been taken to protect the prisoner from the potential side effect from these illnesses.

29. Defendants, each of them, knew and/or should have known that decedent Cedric Dunn was designated a heroin addict and that he had asthma and that he posed an immediate and serious risk of serious bodily harm, asthma attack, or death to himself because of his known condition.

30. On June 12, 2016, throughout the night, into the morning of June 13, 2016, decedent Cedric Dunn was calling out for help due to his heroin addiction and/or asthma, for the purpose of taking him to the infirmary or receiving medical care.

31. According to witnesses, Defendants ignored his pleas for help and ringing of the buzzer in his cell.

32. In violation of Defendants' policies and procedures, Defendants failed to timely or adequately address the needs of decedent Cedric Dunn.

33. Upon information and belief, Defendants lacked the medical experience, training, and knowledge to timely address the medical assessment of the risk posed by decedent Cedric Dunn.

34. Pleading in the alternative, Defendants acted with deliberate indifference to the serious needs of Decedent Dunn's condition and did not respond timely to Cedric Dunn's emergent condition which would have been adequately addressed if timely medical treatment would have been provided.

35. On June 13, 2016, before, at and after 6:45am, Defendant Hudson and Defendant O'Brien were assigned as correction officers for Cedric Dunn.

36. Defendants Hudson and O'Brien knew, or should have known, based on their observations, that decedent Cedric Dunn was suffering from withdrawals and side effects from asthma.

37. Defendants Hudson and O'Brien observed decedent Dunn had what appeared to be liquid coming out of his nose and over his face, not moving or yelling for help anymore, and did not immediately seek medical attention.

38. Defendants Hudson and O'Brien acted with deliberate indifference to decedent Dunn's known serious medical needs by failing to timely request medical treatment.

39. Defendants acted with deliberate indifference to decedent Cedric Dunn's known serious medical needs by failing to keep Cedric Dunn under observation or taking other action to prevent Cedric Dunn from dying when defendants, knew he was suffering from a medical emergency.

40. Decedent Cedric Dunn was pronounced dead from a physician not even present at the Facility, on or about June 13, 2016 at 7:12 am.

41. On June 12 through the early morning of June 13, 2016, before his death, Defendants were deliberately indifferent to the serious medical needs of decedent Cedric Dunn and ignored his need for medical help and instead incarcerated decedent Cedric Dunn in a manner that left him without precautions, unobserved, and at serious risk of death.

42. Instead of attending to Cedric Dunn's needs, Defendants St. Louis County, Hudson and O'Brien continued to keep Cedric Dunn in lockdown.

43. Pleading in the alternative, Defendants failed to have in place and/or follow policies and procedures and failed to ensure that the employees and/or agents of St. Louis County working in the jail were adequately trained and supervised to ensure that incarcerated prisoners were provided with adequate and timely care, treatment, and medication.

44. The Due Process Clause of the Fourteenth Amendment to the United State Constitution requires correction officers to provide adequate and timely

medical care to those in their custody, and failure to do so violate the Eight and Fourteenth Amendment.

45. The actions and indifference of Defendants, each of them, in failing to timely provide medical care and attention to decedent Cedric Dunn as set forth above violated the Eighth and Fourteenth Amendment to the United States Constitution.

46. Plaintiff seeks damages and compensation for violation of the civil and Constitutional right of his son, Cedric Dunn pursuant to 42 U.S.C. 1983.

47. The aforesaid acts of Defendants and each of them were done knowingly, intentionally, maliciously, and in violation of decedent Cedric Dunn's well-established Constitutional and civil rights.

48. In addition to actual damages, Plaintiff is entitled to damages for the Constitutional violations as herein described and reasonable attorney fees and costs pursuant to 42 U.S.C. §1983 and 1988.

## COUNT I

## WRONGFUL DEATH – ST. LOUIS COUNTY, HUDSON, O'BRIEN,

Plaintiff Rahn Taylor for his cause of action against Defendants, states and allege as follows:

49. Plaintiff restates and reincorporates by reference as if more fully set forth herein paragraphs 1-48 of the General Allegations set forth above.

50. Defendants St. Louis County, Hudson, and O'Brien breached their duty of care and committed the followings acts of negligence and carelessness:

14

    a. Failing to communicate, supervise, provide, assesses, and implement appropriate policies and procedures and failure to follow the existing policies and procedures;

    b. Failing to assess Cedric Dunn's current and continuing medical status while detained;

    c. Failing to assess Cedric Dunn's chronic health conditions and appreciating those medical conditions risked to his health and life;

    d. Failing to plan appropriately in order to meet all the health needs of Cedric Dunn;

    e. Failing to evaluate the care or lack of care provided to Cedric Dunn or to make the appropriate changes; and

    f. Failing to develop and implement a classifications system that safeguarded Defendant's medical condition.

51. There were aggravating circumstances in this case, which entitle Plaintiff to damages exemplary in nature.  These include, but are not limited to, the following things:

    a. Defendants' failure to properly communicate, supervise, provide for and follow the policies and procedures, implement appropriate policies and procedures and evaluate Cedric Dunn's health;

    b. Defendants' conduct leading up to Cedric Dunn's death.

52. As a direct and proximate result of the negligence of Defendants, Cedric Dunn endured substantial pain and suffering and ultimately died.

53. As a direct and proximate result of the negligence of Defendants, Plaintiff has sustained the loss of society, companionship, and comfort of his son.

WHEREFORE, Plaintiff Rahn Taylor prays for judgment against Defendants for an amount in excess of $75,000 exclusive of interest and costs,  and for any and all damages as may be appropriate to which they may be entitled, including exemplary damages.

<u>**COUNT II**</u>

<u>**WRONFUL DEATH –**</u>
<u>**TIPPETT, DOOLEY, HUNT, DUWE, KEARNEY, STEPHENS AND**</u>
<u>**ROBERTSON TYLER**</u>

Plaintiff Rahn Taylor for his cause of action against Defendants, state and allege

as follows:

54. Plaintiff restates and reincorporates by reference as if more fully set forth

herein paragraphs 1-48 of the General Allegations set forth above.

55. Defendants breached the duty of care and committed the following acts of

negligence and carelessness leading to the death of Cedric Dunn, deceased:

   a. Failing to communicate, supervise, provide necessities, implement appropriate policies and procedures and failure to follow existing policies and procedures;

   b. Failing to assess Cedric Dunn's current and continuing medical status while detained;

   c. Failing to assess Cedric Dunn's chronic health conditions and appreciating their risk to his health and life;

   d. Failing to diagnose changes in Cedric Dunn's health status;

   e. Failing to plan appropriately in order to meet all the health needs of Cedric Dunn;

   f. Failing to implement an appropriate plan of care that safeguarded Cedric Dunn's health and life;

   g. Failing to evaluate the care or lack of care provided to Cedric Dunn in order to make the appropriate changes;

   h. Failing to review Cedric Dunn's prior jail medical records, private medical records or consult with his longtime physicians or other specialists concerning particularized medical needs;

16

    i.   Failing to resume his current medication regimen at the time of entry into the St. Louis County jail;

    j.   Failing to seek appropriate orders upon intake of the St. Louis County jail;

    k.   Failing to administer his medications as directed; and

    l.   Failing to administer medical attention and need to address his emergent medical condition.

56. There were aggravating circumstances in this case, which hereby entitle Plaintiffs to damages exemplary in nature.  These include, but are not limited to, the following things:

    a.   Defendants' failure to properly communicate, supervise, provide for and follow the policies and procedures, implement appropriate policies and procedures and evaluate Cedric Dunn's health;

    b.   Defendants' conduct leading up to Cedric Dunn's death.

57. As a direct and proximate result of Defendants' negligence, Cedric Dunn endured substantial pain and suffering before his death.

58. As a direct and proximate result of Defendants' negligence, Plaintiff has sustained the loss of society, companionship, and comfort from his son.

WHEREFORE, Plaintiff Rahn Taylor prays for judgment against Defendants in an amount in excess of $75,000, exclusive of interest and costs, and for any and all damages as may be appropriate to which they may be entitled.

## COUNT III

## 42 U.S.C. § 1983 – VIOLATION OF THE CONSTITUTION OF UNITED STATES OF AMERICA

Plaintiff Rahn Taylor for his cause of action against Defendants, each of them, states as follows:

59. Plaintiff restates and reincorporates by reference as if more fully set forth herein paragraphs 1- 48 of the General Allegations set forth above.

60. Actions and omissions described were made under color of state law and caused a deprivation of rights, privileges and immunities secured by the Constitution and Laws of the United States (including, without limitation, the Eighth Amendment of the United States Constitution).  Accordingly, Defendants' actions/inactions described above constitute violations of 42 U.S.C. § 1983:

   a. Cedric Dunn had a serious medical condition in need of timely and consistent treatment;

   b. Defendants were aware of Cedric Dunn's serious medical needs and knew or should have known of the need for treatment so as that alia person would be able to recognize the necessity of the same;

   c. Defendants acting with deliberate indifference failed to provide adequate treatment to Cedric Dunn's acute and chronic health conditions within a reasonable period of time;

   d. As a direct of Defendants' actions and omissions, Cedric Dunn was caused serious permanent injuries, including death, and Plaintiffs were injured and suffered damages.

61. Upon information and belief, other inmates have died in St. Louis County Justice Services facility located in St. Louis County jail because of

18

Defendants' deliberate indifference in failing to provide adequate and/or timely medical treatment.

62. Defendants' actions or omissions were malicious, intentional and/or recklessly indifferent to the rights of Cedric Dunn under law such that punitive damages are warranted.

63. Defendants act and omissions were willful, wanton, reckless, malicious and further show a complete and deliberate indifference to and conscious disregard for the safety and rights of Cedric Dunn, deceased.  Therefore, Plaintiff is entitled to award of punitive damages.

64. 42 U.S.C. § 1983 authorizes payments of attorneys' fees and expenses to Plaintiffs' counsel and Plaintiffs seek said relief.

WHEREFORE, Plaintiff prays this Court enter joint and several judgment under Count III against all Defendants, specifically granting the following relief and award:

    a.  An award for fair and reasonable compensatory damages to Plaintiff;

    b.  An award of punitive damages to Plaintiff;

    c.  An award of reasonable attorneys' fees and expenses to Plaintiff's counsel;

    d.  Such other relief this Court deems just and proper.

**O'LEARY, SHELTON, CORRIGAN,**
**PETERSON, DALTON & QUILLIN, LLC**

By      */s/James D. O'Leary*                        
         James D. O'Leary       #45964
         1034 S. Brentwood Blvd., 23rd Floor
         St. Louis, MO 63117
         (314) 405-9000 telephone
         (314) 405-9999 facsimile
         corrigan@osclaw.com