UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAHN TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00034-AGF |
| ST. LOUIS COUNTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants' St. Louis County, correctional officer Evelyn Hudson, and correctional officer Tim O'Brien and on the motion of Defendants Gerard Kearney, David Dooley, Janet Duwe, Amanda Hunt, Jessica Tippett, and Ashley Tyler (collectively "the Nurse Defendants") [1] to dismiss Plaintiff Rahn Taylor's complaint. ECF Nos. 18 and 21.[2]

Plaintiff filed this action on January 8, 2024, asserting claims of wrongful death under Missouri law, Mo. Rev. Stat. § 537.080, and violations of the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983, arising out of the death of Cedric Dunn while he was in custody. All Defendants move to dismiss the claims for failure to state a claim under Federal

---

[1] Plaintiff neither defines nor describes any title or function for any defendant referred to as a "healthcare provider" in his complaint. Defendants collectively refer to themselves as the "Nurse Defendants" in their motion to dismiss, so the court will use this terminology. ECF No. 21.

[2] Plaintiff has attempted repeatedly to serve Nurse Defendant Jane Stephens, who has evaded service as of this date. All other Nurse Defendants join the Motion to Dismiss. ECF No. 21.

Rule of Civil Procedure 12(b)(6). Defendants St. Louis County, Hudson, and O'Brien further move to dismiss the claims (1) because Defendant St. Louis County has sovereign immunity, (2) because Defendants Hudson and O'Brien are entitled to official immunity and are protected by the public duty doctrine on the wrongful death claim, and (3) because Defendants Hudson and O'Brien are entitled to qualified immunity as to Plaintiff's § 1983 claim.

For the reasons set forth below, the motions will be granted in part and denied in part. Assuming the factual allegations of Plaintiff's complaint are true and construing them in Plaintiff's favor, Plaintiff has stated a claim to relief that is plausible on its face against Defendants Hudson and O'Brien. At this stage of the litigation, Plaintiff has sufficiently pled the existence of an applicable insurance policy to assert that Defendant St. Louis County waived sovereign immunity on the asserted wrongful death claim; however, Plaintiff has not sufficiently pled facts to sustain a § 1983 claim of municipal liability. Finally, Plaintiff's claims against the Nurse Defendants are not sufficiently pled to state a claim to relief that is plausible on its face.

For all of these reasons, the motion to dismiss will be denied as to Defendants Hudson and O'Brien. St. Louis County's motion to dismiss will be and granted as to the § 1983 claim and denied as to the wrongful death claim. Furthermore, the motion to dismiss brought by the Nurse Defendants will be granted. The Court will dismiss Plaintiff's § 1983 claims against St. Louis County and all claims against the Nurse Defendants without prejudice.

## BACKGROUND

Taken as true for the purposes of this motion, Plaintiff alleges the following facts. Plaintiff Rahn Taylor is the father of decedent Cedric A. Dunn ("Dunn"), who died on June 13, 2016, at the St. Louis County Jail known as the Buzz Westfall Justice Center ("Justice Center"). ECF No. 1 at ¶¶ 1-6.

2

In June of 2016, Dunn was arrested and transferred to the Justice Center as a pre-trial detainee suspected of stealing. *Id*. ¶ 21. Dunn also had an outstanding warrant for failure to appear. *Id*. At the time of his detention, Dunn was a heroin addict showing signs of withdrawal and had a medical history of seizures and asthma. *Id*. ¶¶ 22, 23.

Dunn underwent a medical screening by an employee or medical agent at the Justice Center to evaluate his medical condition and needs. *Id*. ¶ 23. He notified the screener that he was a heroin addict with a history of seizures and that he suffered from asthma. *Id*. Dunn was also designated in the Justice Center's system as an inmate addicted to heroin with a history of seizures and asthma. *Id*. ¶¶ 27-28.[3] Plaintiff alleges that all Defendants knew or should have known that Dunn was addicted to heroin and had a medical history of seizures and asthma, and that all Defendants failed to follow the ministerial procedures required for treating a person with heroin addiction, seizures, and asthma. *Id*. ¶¶ 24, 25.

During the night of June 12, 2016, and into the morning of June 13, 2016, Dunn repeatedly called out for help and medical attention. *Id*. ¶ 30. According to witnesses,[4] Dunn's pleas for help and ringing of the buzzer in his cell were ignored. *Id*. ¶ 31. Plaintiff asserts that Defendants failed to timely or adequately address Dunn's needs in violation of their policies and procedures. *Id*. ¶ 32. Plaintiff further asserts upon information and belief that Defendants lacked the medical experience, training, and knowledge to adequately assess and address Dunn's condition. *Id*. ¶ 33. In the alternative, Plaintiff argues that Defendants acted with deliberate indifference to Dunn's serious medical needs, which would have been adequately addressed if

---

[3] Plaintiff's complaint does not identify the date when Dunn was transferred to the Justice Center or showing signs of withdrawal, nor identify or further describe the employee who conducted the medical screening.

[4] Plaintiff does not identify the witnesses.

Defendants provided Dunn with timely medical treatment. *Id*. ¶ 34.

On June 13, "before, at, and after 6:45 a.m.," Defendants Hudson and O'Brien were assigned as correctional officers for Dunn. *Id*. ¶ 35. Defendants Hudson and O'Brien observed Dunn unconscious with what appeared to be liquid coming out of his nose and over his face. *Id*. ¶ 37. They did not immediately seek medical attention for Dunn. *Id*. On or about June 13, 2016, at 7:12 a.m., Dunn was pronounced dead by a physician who was not present at the Justice Center.[5]

Defendant St. Louis County provided the policies and procedures for the Justice Center and the training of the security officers and nurses at the Justice Center. *Id*. ¶ 19. Plaintiff asserts that Defendants either failed to have in place or failed to follow policies and procedures to ensure that St. Louis County employees were adequately trained and supervised to provide incarcerated individuals with timely and adequate medical treatment. *Id*. ¶ 43.

As noted above, on the basis of these allegations, Plaintiff asserts claims for wrongful death and deliberate indifference to Dunn's constitutional rights under the Eighth and Fourteenth Amendments as a result of Defendants' policies and procedures for providing adequate and timely care, treatment, and medication; their failure to adequately train correctional officers and medical staff; and the conduct of the correctional officers and the Nurse Defendants.

## ARGUMENT OF PARTIES

Plaintiff asserts a wrongful death claim against Defendants St. Louis County, Hudson, and O'Brien (Count I). Plaintiff also asserts a wrongful death claim against the Nurse Defendants (Count II). Plaintiff alleges that Defendant St. Louis County has waived sovereign immunity with respect to the wrongful death claims by securing an applicable insurance policy,

---

[5] Plaintiff does not identify the doctor nor describe where this doctor was.

pursuant to Mo. Rev. Stat. § 537.610. Finally, Plaintiff asserts a § 1983 claim against all individual defendants and municipal liability against St. Louis County (Count III). In the alternative, Plaintiff requests to file an amended complaint.

Defendants St. Louis County, Hudson, and O'Brien move to dismiss the complaint for failure to state a claim upon which relief can be granted. With regard to the wrongful death claim, Defendant St. Louis County argues that it is entitled to sovereign immunity. The County argues that Plaintiff's allegation that it waived sovereign immunity through the purchase of an unidentified insurance policy is wholly conclusory. Defendants Hudson and O'Brien argue that the wrongful death claim is barred by official immunity and the public duty doctrine.

Plaintiff argues that he has sufficiently pled at this stage of litigation that Defendant St. Louis County has waived sovereign immunity through the purchase of applicable insurance coverage that did not preserve sovereign immunity. With regard to Defendants Hudson and O'Brien, Plaintiff asserts that both Defendants acted with malice and therefore are not protected by official immunity or the public duty doctrine.

Defendant St. Louis County moves to dismiss the Plaintiff's § 1983 claim, arguing that the complaint fails to adequately allege municipal liability under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).[6] The County also asserts that it is entitled to sovereign immunity as to the § 1983 claim. Defendants Hudson and O'Brien move to dismiss the § 1983

---

[6] Defendant St. Louis County argued in its motion to dismiss that it could not be vicariously liable for any individual employee's conduct for a § 1983 claim. However, Plaintiff clarified in his opposition that he was asserting a *Monell* claim and not a vicarious liability claim. ECF No. 29. Defendant St. Louis County addressed Plaintiff's *Monell* claim in its reply. ECF No. 36. Therefore, the Court will address this as a *Monell* claim, but to the extent that Plaintiff tries to argue that St. Louis County is vicariously liable for the individual Defendants' conduct, that argument fails because vicarious liability is inapplicable to § 1983 suits. *Parrish v. Ball*, 594 F.3d 993 (8th Cir. 2010).

5

claim on the grounds that Plaintiff has failed to plausibly allege a constitutional violation and that they are entitled to qualified immunity.

In response, Plaintiff contends that Defendant St. Louis County is not entitled to immunity on the § 1983 claim and that he has met the notice pleading standard sufficient to state a plausible § 1983 claim against the County. Further, Plaintiff asserts that he has pled sufficient facts to allege that Dunn had a serious medical need that Defendants Hudson and O'Brien deliberately disregarded and that they are therefore not entitled to qualified immunity.

The Nurse Defendants move to dismiss Plaintiff's wrongful death and § 1983 claims arguing that Plaintiff has failed to meet the pleading requirements established by Rule 8 of the Federal Rules of Civil Procedure and that dismissal pursuant to Rule 12(b)(6) is therefore appropriate.

Plaintiff argues that he has pled sufficient facts to state plausible wrongful death and § 1983 claims against the Nurse Defendants and that he is entitled to all reasonable inferences at this stage of the litigation.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, the plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the non-moving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Neubauer v. FedEx Corp.*, 849, F.3d 400, 404 (8th Cir. 2017)). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. (internal quotation omitted). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim that is plausible on its face." *Id.* at 570. "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *In re Supervalu Inc.*, 925 F.3d at 962 (citation omitted).

## **DISCUSSION**

### I.  **Deliberate Indifference to a Serious Medical Need Under § 1983 (Count III)**

a.  Defendants Hudson and O'Brien

Qualified immunity protects officials who act in an objectively reasonable manner, shielding them from liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, courts consider (1) whether the facts alleged, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established at the time of the challenged conduct. *Watkins v. City of St. Louis*, 102 F.4th 947, 951 (8th Cir. 2024) (citation omitted). Qualified immunity will be "upheld on a

7

12(b)(6) motion only when the immunity is established on the face of the complaint." *Id*. (internal citations and quotations omitted).

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *See Smith-Dandrige v. Geanolous*, 97 F.4th 569, 575 (8th Cir. 2024) (citing *A.H. v. St. Louis Cnty.*, 891 F.3d 721, 726 (8th Cir. 2018)). A pre-trial detainee's deliberate indifference claim is governed by the Fourteenth Amendment, which guarantees at a minimum the same protections that convicted prisoners receive under the Eighth Amendment. *Id*. (citing *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021)).

"Deliberate indifference has two components: an objective component, which requires plaintiff to demonstrate an objectively serious medical need, and a subjective component, which requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *Id*. (internal citations and quotations omitted). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). A serious medical need is "one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Dadd v. Anoka Cnty.*, 827 F.3d 749, 755 (8th Cir. 2016). "Deliberate indifference is equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Shaub v. VonWald*, 638 F.3d 905, 914-915 (8th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994)).

Plaintiff has pled sufficient facts to state a plausible claim that Dunn suffered from an objective serious medical need. Accepting as true the allegations in the complaint, Dunn was listed in the Justice Center's system as a heroin addict with a history of seizures and asthma. On the morning in question, Dunn was unconscious with liquid trailing out of his nose and over his

face.  Even a layperson would easily recognize that he required a doctor's attention.  *See Dadd*, 827 F.3d at 755.

Under the subjective prong, the official must know of and disregard the inmate or detainee's serious medical need.  *Davis v. Buchanan Cnty., Mo.*, 11 F.4th 604, 624 (8th Cir. 2021) (citing *Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015)).  Put another way, the facts of the complaint must allege that the officials recognized a substantial risk of harm existed and were aware that their conduct was inappropriate in light of that risk.  *Davis*, 11 F.4th at 624.  "Generally, the actor manifests deliberate indifference by intentionally denying or delaying access to medical care, or intentionally interfering with treatment or a medication that has been prescribed."  *Id*. (internal quotations and citations omitted).  When determining whether an official deliberately disregarded a risk, "we consider his actions in light of the information he possessed at the time, the practical limitations of his position and alternative courses of action that would have been apparent to an official in that position."  *Id*. (internal quotation marks omitted).

Here, at this early stage of litigation, Plaintiff need not prove actual knowledge but only plausibly allege it on the face of the complaint.  Plaintiff has pled sufficient facts to state a plausible claim that Defendants Hudson and O'Brien knew or should have known of Dunn's serious medical need and were deliberately indifferent to it.  Accepting Plaintiff's version of the facts, a reasonable juror could find that Defendants Hudson and O'Brien had actual knowledge of Dunn's serious medical needs when he called for help throughout the night and into the early morning.  A reasonable juror could also find that Defendants Hudson and O'Brien had actual knowledge of Dunn's serious medical needs when they saw him with what appeared to be liquid coming out of his nose and covering his face and no longer moving or yelling for help.  *See*

9

*Barton v. Taber*, 820 F.3d 958, 967 (8th Cir. 2016) (discussing the significance of the highly deferential motion to dismiss standard at this stage of the proceeding and affirming denial of qualified immunity in finding allegations in the complaint were sufficient to create an inference that defendant was deliberately indifferent).  Plaintiff has therefore pled sufficient facts to state a plausible claim that Dunn's constitutional rights were violated.

The second question is whether Dunn's constitutional right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  It is clear that a pre-trial detainee has a constitutional right to adequate medical care while in custody.  *See Bailey v. Fetmann*. 810 F.3d 589, 593-94 (8th Cir. 2016).  The constitutional obligation to provide medical care to those in custody may be violated when officials intentionally deny or delay access to medical care.  *See Dadd*, 827 F.3d at 756.  It is not necessary to have a prior case "directly on point," but existing precedent must have placed the statutory or constitutional question beyond debate.  *Id*. (citing *Ashcroft v. al-Kidd*. 563 U.S. 731 (2011)).  "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A reasonable officer would know that it is unlawful to delay medical treatment for a detainee exhibiting obvious signs of medical distress.  *See Thompson v. King*, 730 F.3d 742, 750 (8th Cir. 2013) (citing *Gordon v. Frank*, 454 F.3d 858 (8th Cir. 2006)).

Because Plaintiff has stated a plausible claim for a violation of a constitutional right and that the right was clearly established at the time of the incident, Defendants Hudson and O'Brien's immunity is not evident on the face of the complaint.  The Court will therefore deny

10

Defendants Hudson and O'Brien's motion to dismiss Count III based on qualified immunity at this stage of the case.

      b. The Nurse Defendants

In contrast with Plaintiff's plausible allegations against Defendants Hudson and O'Brien, Plaintiff's complaint lacks sufficient factual information to plausibly allege a § 1983 violation against the Nurse Defendants. Plaintiff does not identify which Nurse Defendant was present during the time period Dunn was at the Justice Center, which Nurse Defendant conducted a medical assessment, or even that any specific Nurse Defendant ever saw Dunn or was advised of his condition. Plaintiff does not attribute any specific act to any specific Nurse Defendant that caused Dunn's alleged deprivation of his constitutional right. Here, Plaintiff's complaint lacks the specificity required to survive a motion to dismiss under Rule 12(b)(6). While Plaintiff argues that he has pled several dates and facts about Dunn, the complaint lacks sufficient factual allegations with respect to these Defendants to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. As a result, the complaint does not provide the Nurse Defendants sufficient notice or the grounds on which Plaintiff's claims rest. *Id.*; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The Court will therefore grant the Nurse Defendants' motion to dismiss without prejudice on Count III.

      c. Municipal Liability

Municipalities do not enjoy immunity from suit under § 1983. *Leatherman v. Tarranty Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993); *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). For a municipality, such as St. Louis County, to be held liable for a § 1983 violation, the plaintiff must allege that the municipality has committed a constitutional violation through an (1) official municipal policy, (2) an unofficial custom, or (3)

11

a deliberately indifferent failure to train or supervise. *Watkins*, 102 F.4th at 953 (citing *Corwin v. City of Indep.*, 829 F.3d 695, 699 (8th Cir. 2016)); *see also Monell*, 436 U.S. at 690. The burden is on the Plaintiff to establish that a municipal policy or custom was the "moving force" behind the constitutional violation. *Watkins*, 102 F.4th at 953 (citing *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).

"A 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal officer who has final authority regarding such matters." *Corwin v.* 829 F.3d at 700 (8th Cir. 2016) (quotation and citation omitted). Plaintiff does not identify any official policy in his complaint that could have caused Dunn's death from the individual Defendants' alleged conduct. Instead, Plaintiff merely states that either there was no policy in place or that any policy that was in place was not followed. While Plaintiff is not required to plead the existence of an unconstitutional policy or custom to withstand St. Louis County's motion to dismiss, he must still "allege facts which would support the existence of an unconstitutional policy or custom." *Watkins*, 102 F.4th at 953-954.

To establish liability based on an "unofficial" policy or a "custom," Plaintiff must plead facts sufficient to plausibly infer "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the municipality's employees; (2) deliberate indifference to or tacit authorization of such conduct by the [municipality's] policymaking officials after notice to the officials of that misconduct; and (3) that [Dunn] was injured by acts pursuant to the municipality's custom, i.e., that the custom was a moving force behind the constitutional violation." *Meier v. St. Louis*, 934 F.3d 824, 828 (8th Cir. 2019) (cleaned up and citations omitted). Plaintiff does not plead sufficient facts to support an unofficial policy or custom. While Plaintiff alleges upon information and belief that other inmates have died at the

12

Justice Center because of Defendants' deliberate indifference to providing adequate and timely medical care, they are merely conclusory allegations that such misconduct occurred. *Watkins*, 102 F.4th at 954.

Finally, to establish liability for failure to train or supervise, a plaintiff must plead facts sufficient to plausibly infer "(1) the [County's] officer training practices were inadequate; (2) the [County] was deliberately indifferent to the rights of others in adopting these training practices, and the [County's] failure to train was a result of deliberate and conscious choices made; and (3) the [County's] alleged training deficiencies caused [Dunn's] constitutional deprivation." *Id.* (citing *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013)) (internal quotations omitted). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005) (internal citation omitted). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017). As before, Plaintiff's allegations are conclusory, and he does not assert specific instances

or provide specific examples of inadequate training or supervising practices that could support an inference of a failure to train or supervise. *Watkins*, 102 F.4th at 954.

Because Plaintiff has not adequately pled sufficient facts to state a claim for relief that is plausible on its face for municipal liability, Defendant St. Louis County's motion to dismiss Count III will be granted without prejudice.

### II.     Wrongful Death (Counts I and II)

#### a. Nurse Defendants

As with Plaintiff's § 1983 claims against the Nurse Defendants, Plaintiff's wrongful death claim lacks the specificity required to survive a motion to dismiss under Rule 12(b)(6). As stated above, Plaintiff does not identify which Nurse Defendant was present during the time period Dunn was at the Justice Center, which Nursing Defendant conducted a medical assessment, or even that any specific Nurse Defendant ever saw Dunn. Plaintiff does not plead any specific allegation of negligence against any specific Nurse Defendant. Plaintiff has not adequately pled sufficient factual allegations to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. As a result, the complaint does not provide the Nurse Defendants sufficient notice or the grounds on which Plaintiff's claims rest. *Id.*; *see also Schaaf*, 517 at 549 (8th Cir. 2008). The Court will therefore grant the Nurse Defendants' motion to dismiss Count II without prejudice.

#### b. Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011). "[I]n the absence of an express statutory exception to sovereign immunity, or a recognized common law exception such as the propriety function and consent exceptions, sovereign immunity is the rule and apples to all

14

suits against public entities." *Church v. Missouri*, 913 F.3d 736, 743 (8th Cir. 2019) (citing *Metropolitan St. Louis Sewer Dist. v City of Bellefontaine Neighbors*, 476 S.W.3d 913, 914 (Mo. Banc 2016). Missouri law provides statutory exceptions to sovereign immunity, including as relevant here, when a political subdivision purchases liability insurance to cover certain tort claims, in the amount of and for the purposes covered by the insurance purchased. Mo. Rev. Stat. § 537.610.1; *see also Hammer v. City of Osage Beach*, 318 F.3d 832, 841 (8th Cir. 2003). "[A] plaintiff must specifically plead facts demonstrating that the claim is within this exception to sovereign immunity" by pleading the existence of insurance and that the insurance covers plaintiff's claim. *Epps v. City of Pine Lawn*, 353 F.3d 588, 594.

"Sovereign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case." *Bouton v. Missouri*, No. 3:33-cv-00010-SPM, 2023 WL 402018 at *11-12 (E.D. Mo. Jan. 2023) (citing *St. John's Clinic, Inc. v. Pulasky Cnty. Ambulance Dist.*, 422 S.W.3d 469, 471 (Mo. App. 2014) (internal quotation marks omitted). Therefore, "it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies." *Id*. (citing *Boever v. Special Sch. Dist. Of St. Louis Cnty.*, 296 S.W.3d 487, 491 (Mo. Ct. App. 2009).

Plaintiff specifically alleges in his complaint that Defendant St. Louis County has secured liability insurance coverage applicable to his wrongful death claim that did not preserve sovereign immunity, and has therefore waived sovereign immunity, in accordance with the exception under § 537.610. Further, the complaint explicitly pleads that this waiver applies to the specifically alleged conduct of Defendants Hudson and O'Brien. At this stage, where the Court must accept as true all facts alleged, the Court finds Plaintiff has sufficiently alleged that Defendant St. Louis County has waived sovereign immunity as to the wrongful death claim

under the insurance exception.⁷ *See Bouton v. Missouri*, 2023 WL 402018 at *11-12 (finding the plaintiff sufficiently alleged that an insurance policy waived sovereign immunity despite failure to identify the specific insurance plan); *Blakeney v. City of Pine Lawn, Missouri*, No. 4:19-cv-02017-SNLJ, 2020 WL 4569175 (E.D. Mo. Aug. 2020) (finding that the plaintiff's allegations that the defendant had "procured liability insurance [for] claims such as this" was sufficient to plead an exception to sovereign immunity); *A.H. v. St. Louis Cnty.*, No. 4:14-cv-02069-CEJ, 2015 WL 4426234 (E.D. Mo. July 2015) (finding at the motion to dismiss stage that the "plaintiffs' allegation that St. Louis County waived its sovereign immunity to plaintiffs' claims by virtue of the purchase of liability insurance [was] sufficient to allege a waiver"); *White v. Jackson*, No. 4:14-cv-01490-HEA, 2015 WL 1189963, at *5-6 (E.D. Mo. Mar. 2015) (finding the plaintiff's allegation that "Defendants have waived sovereign immunity by establishing some type of insurance coverage for the claim[s] at issue…and that 'the City of Ferguson'…has purchased insurance policies that would address, at least to some extent, the claims alleged herein" sufficient to allege a waiver of sovereign immunity at the motion to dismiss stage). *But*

---

⁷       Defendant St. Louis County argues that the Court should find Plaintiff's allegation of waiver insufficient based on the Missouri Court of Appeals' holding in *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628 (Mo. App. E.D. 2016).  While the court in *A.F.* held that allegations that "the District had insurance that provided coverage 'for the incident in question'" was conclusory, it based that determination specifically on its inability to identify what conduct or particular incident of bullying plaintiff alleged was covered under the alleged policy because none of the allegations were "detailed in any way as to time, place and circumstances." *Id*. at 635.   Here, however, Plaintiff alleges specific conduct that he argues is covered by an insurance policy, the time it occurred, the place it occurred, and the circumstances under which it occurred, in particular, regarding his allegations against St. Louis County's correctional officers, Defendants Hudson and O'Brien.  Furthermore, the Supreme Court of Missouri has held that language alleging waiver by insurance like the Plaintiff's in this case is sufficient at the motion to dismiss stage. *Kunzie v. Olivette*, 184 S.W.3d 570, 573-74 (Mo. banc 2006) (finding the plaintiff's allegation "that the city maintains liability insurance 'to handle the consequences of employment related actions brought against them'" was sufficient at the motion to dismiss stage and providing plaintiff an opportunity to prove the existence and content of the insurance policy through discovery).

16

*see Perkins v. Frye*, No. 20-cv-01433-HEA, 2020 WL 7263533, at *3-4 (E.D. Mo. Dec. 2020) (finding that the plaintiff's claim that "Defendant City of St. Louis had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including those as described herein" was insufficient to allege facts to overcome sovereign immunity). The Court will therefore deny Defendant St. Louis County's motion to dismiss Count I based on sovereign immunity.

    c. Official Immunity (Count I)

Defendants Hudson and O'Brien assert they are entitled to official immunity on Plaintiff's wrongful death claim. "Under Missouri law, the official immunity doctrine protects public officials from liability for injuries arising out of their discretionary acts or omissions, but not from liability in claims arising from their performance of ministerial acts." *Brandy v. City of St. Louis*, 75 F.4th 908, 917 (8th Cir. 2023) (citing *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 585 (8th Cir. 2006). Official immunity does not apply, however, to "discretionary acts done in bad faith or with malice." *Id*. (citation omitted). Bad faith or malice requires an "actual intent to cause injury." *Wealot v. Brooks*, 865 F.3d 1119, 1129 (8th Cir. 2017) (citation omitted). "A finding of bad faith embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, or breach of a known duty through some ulterior motive." *Id*. (internal quotations and citations omitted).

While Plaintiff alleges in his complaint that the Defendants' actions were ministerial, he offers no argument in his briefing in support of this allegation. Instead, Plaintiff argues that Defendants Hudson and O'Brien acted with malice. Although the Court sees little basis for any claim Defendant's actions were ministerial, Plaintiff's allegations of malice at this early stage are sufficient to overcome Defendants' claim of official immunity. Plaintiff alleges that Defendants

17

Hudson and O'Brien were present when Dunn called out for help and rang the buzzer in his cell repeatedly, to no avail. He further alleges that Defendants Hudson and O'Brien observed Dunn unconscious with liquid covering his face and trailing from his nose and did not immediately call for medical attention or assistance. Such factual allegations are sufficient at this stage to infer the Defendants Hudson and O'Brien acted in bad faith or with malice. *See Payton v. City of St. Louis*, No. 4:20-cv-00861-SEP, 2021 WL 1222427 at *5 (E.D. Mo. Mar. 31, 2021) (finding a correctional officer defendants' alleged failure to promptly respond to a decedent's medical emergency could amount to bad faith or malice and was a factual question for the jury to resolve). For this reason, the Court will deny Defendants Hudson and O'Brien's motion to dismiss based on official immunity.

        d.  Public Duty Doctrine (Count I)

Under the public duty doctrine, "a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes only to the general public." *Est. of Snyder v. Julian*, 789 F.3d 883, 887-88 (8th Cir. 2015) (citing *Southers v. City of Farmington*, 263 S.W.3d 603, 6111 (Mo. 2008)). The doctrine negates the duty element required to prove negligence, but it is inapplicable in situations where a public employee acts "in bad faith or with malice." *Id*. (internal citations omitted). As with Defendants' official immunity arguments, Plaintiff has pled sufficient factual allegations at this stage to infer that Defendants Hudson and O'Brien acted in bad faith or with malice. Therefore, the Court will deny Defendants Hudson and O'Brien's motion to dismiss based on the public duty doctrine.

    **III.**    **Alternative Motion to Amend the Complaint**

In Plaintiff's opposition to the motions to dismiss, he has requested leave under Rule 15 of the Federal Rules on Civil Procedure to amend his complaint. Plaintiff's request is not a

proper motion for leave to amend his complaint. Plaintiff has not submitted a proposed amended complaint as required. Local Rule 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed. All new material in the amended pleading must be underlined and all material being removed must be struck through."); *see Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (explaining "that in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."); *Tracy v. SSM Cardinal Glennon Child. Hosp.*, No. 4:15-cv-1513 CAS, 2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016) ("The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response to a motion to dismiss"). Nor has Plaintiff explained how he could cure the deficiencies described above at this stage. Therefore, Plaintiff's request to amend the complaint will be denied at this time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** Defendants St. Louis County, Evelyn Hudson, and Tim O'Brien's motion to dismiss is **DENIED IN PART AND GRANTED IN PART** as set forth above. ECF No. 18. The motion is **DENIED** as to Defendants Hudson and O'Brien. The motion is **GRANTED** as to Count III against Defendant St. Louis; the motion is otherwise **DENIED** as to Count I.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Gerard Kearney, David Dooley, Janet Duwe, Amanda Hunt, Jessica Tippett, and Ashley Tyler is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's alternative motion for leave to amend his pleadings is **DENIED** without prejudice. ECF No. 29.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2024.